United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 4, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 06-30106
Summary Calendar

_____

In The Matter of: JOHN SHAVERS

                    Debtor

_____

JOHN SHAVERS

                    Appellant

v.

UNITED STATES FIRE INSURANCE COMPANY; HERBERT J. STELLY, SR.;
GENERAL ELECTRIC CAPITAL CORPORATION; SHAVERS-WHITTLE
CONSTRUCTION INC; JAMES A. KOERBER; ANN B. SHAVERS; JAMES
STOCKSTILL; STRIBLING EQUIPMENT; TOYOTA MOTOR CREDIT CORPORATION

                    Appellees

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
(05-CV-2746)

_____

Before DEMOSS, STEWART, and PRADO, Circuit Judges.

PER CURIAM:*

       Debtor-appellant John E. Shavers appeals from a January 4,

2006 order by Judge Lance M. Africk of the Eastern District of

Louisiana. In that order, Judge Africk dismissed with prejudice

Shavers' appeal from the order of the United States Bankruptcy

_____

       * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Court for the Eastern District of Louisiana denying Shavers' motion to dismiss his involuntary bankruptcy petition. For the reasons that follow, we affirm Judge Africk's order.

In August 2003 an involuntary bankruptcy petition was filed against Shavers in the United States Bankruptcy Court for the Eastern District of Louisiana. After entering an order of relief under Chapter 11, the Louisiana bankruptcy court transferred Shavers' case to the Bankruptcy Court for the Southern District of Mississippi, where a related civil proceeding was ongoing. While Shavers initially sought to stay the transfer of his case, at a November 4, 2003 hearing, Shavers' counsel consented to the change of venue.

After the case had been transferred to the Mississippi bankruptcy court, Shavers brought an appeal to the Eastern District of Louisiana, challenging the Louisiana bankruptcy court's denial of Shavers' motion to dismiss. Judge Mary Ann Vial Lemmon of the Eastern District of Louisiana, noting that Shavers' case had been transferred to the Southern District of Mississippi, similarly transferred his appeal. Shavers' appeal was heard and denied by Judge Louis Guirola of the Southern District of Mississippi in February 2005.

In July 2005 Shavers filed another appeal to the Eastern District of Louisiana of the Louisiana bankruptcy court's order denying his motion to dismiss. This appeal was reviewed by Judge Africk of the Eastern District of Louisiana. Judge Africk

dismissed Shaver's appeal, explaining that the issues raised therein were the same as had been presented in Shavers' earlier appeal that was transferred to and ruled upon by Judge Guirola. It is this decision by Judge Africk that Shavers challenges before this court.

We hold that Judge Africk's dismissal of Shavers' appeal was proper. Shavers' second appeal to the Eastern District of Louisiana presented essentially the same issues as his first appeal, which was transferred to and ruled upon by Judge Guirola of the Southern District of Mississippi. Principles of res judicata therefore prevent a court of the United States from hearing Shavers' claims a second time. Moreover, since Shavers' case had been properly transferred to the Southern District of Mississippi, the Eastern District of Louisiana lacked jurisdiction to hear his appeal.

We further note that Shavers appealed Judge Guirola's ruling to this court, which affirmed his ruling in May 2006. This court has thus already heard and rejected the arguments that Shavers raises in his latest appeal. Shavers' appeal of Judge Africk's ruling appears to be an attempt to delay legal resolution and frustrate his creditors. We warn Shavers that further frivolous filings will result in sanctions by the court.

AFFIRMED